(No. 79-CV-0223—

*In re* APPLICATION OF DOROTHY LACEY.

*Order filed April 7, 1980.*

DOROTHY LACEY, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on June 12, 1978. Dorothy Lacey, mother of the deceased victim, Cheryl Lacey, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the

Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on June 17, 1980, the body of the victim was found near Michigan City, Indiana. The victim had been beaten with a blunt object. The victim had been last seen leaving a Midlothian, Illinois, tavern. Police investigation revealed that the victim had left the tavern with three unknown offenders and that they had driven to a LaPorte County, Indiana, location. At that location, one of the three offenders struck the victim several times with a hammer. The three offenders were charged with the victim's murder by the LaPorte County, Indiana, State's Attorney.

2. That section 2(d) of the Act, defines a "victim" as a person killed or injured in this State.

3. That Cheryl Lacey was not a victim of a crime which occurred in the State of Illinois.

4. That the crime was not committed in the State of Illinois and the deceased was not a "victim" according to section 2(d) of the Act.

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.